**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHEL CONCEAN,                     :
                                    Civil Action No. 06-2454 (JAP)
         Petitioner,    :

         v.            :            **OPINION**

MICHAEL CHERTOFF, et al.,    :

         Respondents.    :

**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Michel Concean                   Colette R. Buchanan
Alien No. 90-264-692             Asst. U.S. Attorney
Middlesex County Adult           970 Broad Street
    Correctional Center          Room 700
P.O. Box 266                     Newark, NJ 07102
New Brunswick, NJ 08903

**PISANO**, District Judge

   Petitioner Michel Concean, an alien confined at Middlesex County Adult Correctional Center, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are Secretary of Homeland Security Michael Chertoff,

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

Warden Edmond C. Cicchi, and John P. Carbone, Acting Field Office Director of the Bureau of Immigration and Customs Enforcement in Newark, New Jersey.

## I.   BACKGROUND

Petitioner is a native and citizen of Haiti whose status was adjusted to that of lawful permanent resident in 1990.  On December 3, 2004, Petitioner was convicted in the Superior Court of New Jersey, Mercer County, of one count of Possession of a Controlled Dangerous Substance with Intent to Distribute On or Near School Property, in violation of N.J.S.A. 2C:35-7, and one count of Theft by Unlawful Taking, in violation of N.J.S.A. 2C:20-3.

Based on those convictions, the Department of Homeland Security, Bureau of Immigration and Customs Enforcement charged Petitioner with being subject to removal.  Petitioner was taken into BICE custody on the removal charges on July 19, 2005.

An Immigration Judge denied Petitioner's application for deferral of removal under the Convention Against Torture and ordered Petitioner removed to Haiti.  Petitioner appealed the IJ's decision to the Board of Immigration Appeals, which affirmed by order issued January 27, 2006.  At that time, the Order of Removal became final.

On May 31, 2006, this Court received Petitioner's Petition for writ of habeas corpus, dated May 30, 2006.  Petitioner

challenges his indefinite detention pending removal. Petitioner contends that his removal is not reasonably foreseeable because "Haiti has adopted a new policy of not accepting criminal deportees and shows no sign of changing that policy any time soon." (Memorandum in Support of Petition at 3-4.)

## II.  ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v.

Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 699-701. But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.")

Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's burden. Compare Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with Seretse-Khama v. Ashcroft, 215 F.Supp.2d 37, 48-54 (D.D.C. 2002) (continued detention for over three years, coupled with eight-month delay since INS last contacted destination country, suffices to meet alien's burden); Lema v. U.S. I.N.S., 214 F.Supp.2d 1116, 1118 (W.D. Wash 2002), aff'd on other grounds, 341 F.3d 853 (9th Cir. 2003) (where destination

4

country's lack of response to request for travel documents is combined with INS inability to explain silence and absence of any indication that situation may change, continued detention would be unreasonable but, where destination country's failure to respond suggests nothing more than "bureaucratic inertia," removal remains "foreseeable").[2]

In addition, in assessing whether an alien has made the required showing, it must be remembered that, while the Supreme Court in Zadvydas emphasized that the expiration of the six-month presumptively reasonable period of detention did not mandate release, it also stated that as the period of detention grows "what counts as the 'reasonably foreseeable future' conversely shrinks."  533 U.S. at 701.

Here, Petitioner has not suggested any individual barriers to his repatriation, see Zadvydas, 533 U.S. at 684-85 (alien

---

[2] See also Kacanic v. Elwood, 2002 WL 31520362 (E.D. Pa. 2002) (passage of one year, coupled with inaction of foreign embassy and INS admission that efforts to obtain travel documents have been "fruitless," suffices to meet alien's burden); Khan v. Fasano, 194 F.Supp.2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden; however, alien granted leave to refile petition in six months' time if his removal has not then been effectuated); Okwilaqwe v. INS, No. 3-01-CV-1416-BD, 2002 WL 356758 (N.D. Tex. Mar. 1, 2002) (passage of eleven months without action by destination country sufficient to meet alien's burden, even where destination country orally promised travel documents "in a few days," but failed to provide them over period of two months).

petitioner Zadvydas was a "stateless" individual) but, instead, has argued that there is an institutional barrier to his removal, see Zadvydas, 533 U.S. at 686 (alien petitioner Kim Ho Ma was from Cambodia, a country with which the United States has no repatriation agreement), specifically, that the government of Haiti is not accepting repatriation of criminal aliens.

The BICE has requested travel documents for Petitioner twice, in February and September 2006.  Apparently, no such travel documents have been issued by the government of Haiti.  However, the record reflects mere inaction, not a refusal to issue documents.

In addition, the Declaration of Detention and Deportation Officer Rosalio Estrada states that the BICE has been successful in repatriating Haitian citizens.  In fiscal year 2005, BICE repatriated 1,022 Haitian citizens; thus far in fiscal year 2006, BICE has repatriated 229 criminal Haitians.  The most recent repatriation flight left for Haiti on November 13, 2006, and resulted in the repatriation of 24 Haitian nationals.  Although Respondents do not indicate that travel documents have been issued for Petitioner, Rosalio Estrada states that Petitioner "will be scheduled to be on one of the next repatriation flights to Haiti."  (Declaration of Rosalio Estrada, ¶ 6.)

Finally, to the extent Petitioner relies on the passage of time as an indicator that his removal is not likely in the

reasonably foreseeable future, he had not been in custody for even the presumptively reasonable period of six months at the time he filed the Petition and he has not supplemented the Petition with any information to suggest that the passage of time demonstrates that his removal is unlikely, especially when considered in conjunction with the information regarding repatriation flights to Haiti.

Accordingly, there do not appear to be any individual or institutional barriers to Petitioner's removal in the reasonably foreseeable future.  The Petition is therefore denied, without prejudice to Petitioner's filing a future petition should circumstances warrant.

### III.   CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


/s/ Joel A. Pisano
Joel A. Pisano
United States District Judge

Dated:  December 4, 2006